UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
UNITED STATES OF AMERICA,       )
                                )
                    Plaintiff,  )
        - v. -                  )
                                ) 12 Civ. 2600 (GBD)
A 10th CENTURY CAMBODIAN SANDSTONE ) **SO-ORDERED:**
SCULPTURE, CURRENTLY LOCATED AT )
SOTHEBY'S IN NEW YORK, NEW YORK, )   *George B. Daniels*
                                )   George B. Daniels, U.S.D.J.
                    Defendant in rem. )
---------------------------------------------------------------- X   Dated: JUL 02 2012

### STIPULATION AND PROTECTIVE ORDER REGARDING
### THE CONFIDENTIALITY OF DISCOVERY MATERIALS

WHEREAS, in connection with the above-captioned Forfeiture Proceedings (the "Forfeiture Proceedings"), Claimants Sotheby's Inc. ("Sotheby's") and Decia Ruspoli di Poggio Suasa ("Ruspoli") (collectively, "Claimants") have requested that certain discovery materials be treated as confidential; and

WHEREFORE, for the purpose of facilitating discovery responses and in order to avoid the risk of harm posed by the public dissemination of information deemed by Claimants to be confidential, Sotheby's, Ruspoli and the Plaintiff (each, a "Party" and collectively, the "Parties") hereby stipulate and agree pursuant to Fed. R. Civ. P. 26(f), by and through their undersigned counsel of record ("Undersigned Counsel"), to this Stipulation and Protective Order Regarding the Confidentiality of Discovery Materials (this "Protective Order"):

IT IS HEREBY STIPULATED, AGREED AND ORDERED THAT:

1. This Protective Order shall govern the designation and handling of all documents (including all "documents" as defined in Local Civil Rule 26.3) produced in the Forfeiture Proceedings by or on behalf of Sotheby's (or any of its attorneys or agents) and/or Ruspoli

between the date of this Protective Order and oral argument on Claimants' Motion to Dismiss, which is currently scheduled for September __, 2012, and all copies, excerpts and summaries thereof and all information derived therefrom (the "Discovery Materials"). Discovery Materials shall be handled in accordance with this Protective Order, and shall be used only for purposes related to the Forfeiture Proceeding and/or other law enforcement purposes, and not for any commercial, business, competitive or other purpose.

2. "Person" or "Persons" means any natural person, group of natural persons acting as individuals, group of natural persons acting in a collegial capacity (*e.g.*, as a committee, board of directors, etc.), domestic or foreign company, corporation, partnership, joint venture, sole proprietorship, association, business trust, government or government agency or any other incorporated or unincorporated business, government or legal entity.

3. Sotheby's may designate documents as "Confidential" pursuant to this Protective Order by labeling the document "CONFIDENTIAL" in a size and location that makes such designation readily apparent on each page of the document. Designation of a document as "Confidential" shall be based on a good faith belief by Sotheby's that such document falls into one or more of the following four categories constituting "Confidential Material":

   a. Documents that identify a current or former Sotheby's customer or potential customer;

   b. Documents that reveal the terms of any consignment agreement or sale entered into, proposed, or considered by Sotheby's;

   c. Official compliance policies, manuals, forms or guidelines adopted or used by Sotheby's that reveal proprietary contents of Sotheby's compliance program;

      d. Formal memorandums, proposals, strategy statements or equivalent documents, which reveal Sotheby's general sales strategies or its overall strategy as to the sale of any individual piece. This category shall not include communications that merely contain, reflect or reveal particular steps taken or considered in the normal course regarding the sale of a particular item that do not reveal a proprietary aspect of Sotheby's sales strategies.

Upon Plaintiff's request, Sotheby's shall produce a non-confidential version of any document designated confidential with all Confidential Material redacted, which shall not be subject to the terms of this Protective Order.

    4.    The following documents to be produced by Ruspoli shall also be treated as Confidential Material: (1) a settlement agreement titled (when translated from French to English) "Family Agreement" (bates stamped RUSP 000001-000016) and the English translation thereof (bates stamped RUSP 000017-000032); and (2) a sales agreement titled (when translated from French to English) "Sales Agreement for Works of Art" (bates stamped RUSP 000033-000040) and the English translation thereof (bates stamped RUSP 000041-000048). Additional documents to be produced by Ruspoli may be designated as Confidential under this Protective Order upon the agreement of the parties to this Protective Order.

    5.    Confidential Material shall be held in strict confidence. Unless required by law or Court order, or unless agreed otherwise with Claimants, such Confidential Material shall not be given, shown, made available or communicated in any way to anyone other than (i) attorneys, clerical, paralegal and other staff employed or contracted by the United States Attorney's Office for the Southern District of New York attorneys, including any outside vendor providing litigation support, photocopying, or translation services in connection with the Forfeiture

Proceeding, (ii) any expert or consultant retained by or on behalf of Plaintiff in connection with the Forfeiture Proceeding, (iii) officers and employees of the United States who may be necessary to assist in connection with the Forfeiture Proceeding, or (iv) the Court and Court personnel (subject to the provisions of Paragraph 7 below). Persons listed in clause (ii) may be given access to Confidential Material only after counsel has provided a copy of this Protective Order and caused each such person to execute a Certificate in the form attached as Exhibit A hereto. Counsel for Plaintiff shall be responsible for holding such executed Certificates, which must be made available to opposing counsel upon request for good cause shown.

6. Failure to designate Confidential Material as "Confidential" at the time of production may be remedied by supplemental written notice and, upon receiving such written notice, Plaintiff shall thereafter treat the designated materials in accordance with the terms of this Protective Order. The designation of a document or information as Confidential Material is without prejudice to the right of Plaintiff to challenge such designation as provided in Paragraph 8 of this Protective Order.

7. If Plaintiff intends to file any documents with the Court, including pleadings, motions and other papers, that contain, identify, or reference Confidential Material, or if Plaintiff reasonably believes it may use any Confidential Material at any hearing in connection with the Forfeiture Proceeding, Plaintiff shall provide Claimants with as much notice as reasonably possible so that Claimants can take all steps necessary to protect the confidentiality of such material. Should Plaintiff provide Claimants with less than five days' notice of its intention to file a document with the Court that contains, identifies, or references Confidential Material, it shall (a) file such document under seal, (b) file a public copy of such document redacting only

the information that has been designated "Confidential;" and (c) request that the unredacted version of such document be unsealed after a reasonable opportunity for Claimants to be heard.

8. Plaintiff shall not be obligated to challenge the propriety of a confidentiality designation within any particular timeframe following production, and failure to do so shall not preclude a subsequent challenge to such designation. If Plaintiff objects to the designation or treatment of any Confidential Material, Plaintiff shall so state by letter to counsel for Claimants. Counsel for Plaintiff and Claimants shall promptly confer, in good faith, to resolve any dispute concerning the designation and treatment of the Confidential Material. In the event that the Parties are unable to resolve any dispute concerning the treatment of the Confidential Material, Plaintiff may file an application with the Court, in camera, challenging the designation of Confidential Material. Claimants shall have, where practicable, five (5) days to either remove the designation or oppose Plaintiff's application. Pending determination of such application, the challenged Confidential Material shall continue to be treated in accordance with its original designation.

9. In the event that Plaintiff is requested or required by any person or entity (by law, oral questions, government action, interrogatories, requests for information or documents, subpoena, civil investigation demand or similar process) to provide or produce Confidential Material, Plaintiff shall, unless prohibited from doing so by applicable law, give Claimants prompt written notice as soon as practicable under the circumstances and before any Confidential Material is produced so that the relevant Party has a reasonable opportunity to object to production.

10. Subject to the provisions of Paragraph 11, and except as provided otherwise by any subsequent order of the Court, within sixty (60) days following entry of an order finally

resolving or otherwise finally disposing of the Forfeiture Proceeding, including all post-judgment proceeding and appeals, all Confidential Material provided by the Parties in connection with the Forfeiture Proceeding, including all copies, summaries and excerpts thereof, shall be returned to the producing Party or destroyed, provided, however, that no Party shall be required to return or destroy any Discovery Materials that are filed in these Forfeiture Proceedings, or are incorporated into attorney work product or attorney-client privileged communications. If the Confidential Material required by this paragraph to be returned or destroyed is destroyed, counsel for Plaintiff shall, within seven (7) days following such destruction, certify in writing to the producing Party that such Confidential Material within its possession or control has been destroyed.

11. Unless the Parties agree otherwise, this Protective Order shall expire two weeks after the earliest of the following: the Court's denial of Claimants' Motion to Dismiss the Complaint filed June 5, 2012 or the Court's lifting of the stay of the obligation to respond to further discovery requests imposed on June 20, 2012. Should the Court grant Claimants' Motion to Dismiss with prejudice, and should that order become final after all post-judgment proceeding and appeals, this Protective Order shall not expire and shall remain binding after the conclusion of the Forfeiture Proceedings.

12. This Protective Order shall not apply to any document, testimony or other information that (i) is already in Plaintiff's possession at the time it is produced and is not subject to or governed by any other confidentiality agreement or restrictions, (ii) becomes generally available to the public other than as a result of disclosure in violation of this Protective Order or in breach of other legal obligation, or (iii) becomes available to Plaintiff through voluntary or

required production from a person or Party who obtained the document, testimony or other information without any confidentiality restriction.

13. This Protective Order is not to be construed as an agreement or representation that any such documents, including Confidential Material, are relevant to any claim or defense in the Forfeiture Proceedings or any subsequent action or proceeding that may be commenced, nor that such Confidential Material should properly be produced or admitted into evidence in any of these proceedings.

14. Notwithstanding any provision contained herein, nothing in this Protective Order shall restrict in any way the right of Claimants to make use of their own Confidential Material in any way they deem fit.

15. This Protective Order shall be deemed effective as to each Party, its attorneys, agents and representatives, upon execution by all Parties. With respect to any materials produced by Claimants prior to the execution of this Protective Order that Claimants believe should be designated as confidential, Claimants shall identify such documents and reproduce them marked as confidential pursuant to the terms of this Protective Order. Plaintiff shall destroy the previously produced versions of the duplicate materials.

16. Subject to the provisions of Paragraph 11, this Protective Order shall remain binding after the conclusion of the Forfeiture Proceedings and shall survive any settlement, discontinuance, dismissal, judgment, or other disposition.

17. The Parties reserve the right to seek further modification of this Protective Order from the Court. This Protective Order shall be without prejudice to and does not impair the ability or rights of Claimants to seek further limits on disclosure or protections for the

confidentiality of any Confidential Material in addition to the limits and protections provided herein.

18. The terms and limitations of this Protective Order shall not be modified or deviated from except upon written stipulation by counsel for the Parties, or by Order of this Court.

19. This Protective Order shall be governed and construed in accordance with the laws of the State of New York.

20. This Protective Order may be executed in any number of counterparts and shall constitute one agreement binding upon all parties thereto as if all parties signed the same document. Facsimile signatures shall be treated as originals for all purposes.

**STIPULATED AND AGREED:**

Dated: New York, New York
June 29, 2012

By: _____
Sharon Cohen Levin
Alexander J. Wilson
Sarah E. Paul
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Attorneys for Plaintiff

*Counsel for Plaintiff*

By: _____
Peter G. Neiman
WILMER CUTLER PICKERING HALE
AND DORR LLP
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

Brian R. Michael
WILMER CUTLER PICKERING HALE
AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 443-5374
Facsimile: (213) 443-5400

*Counsel for Claimants Sotheby's, Inc. and Decia Ruspoli di Poggio Suasa*

8