PREET BHARARA
United States Attorney for the
Southern District of New York

By:   SHARON COHEN LEVIN
      ALEXANDER J. WILSON
      Assistant United States Attorneys
      One St. Andrew's Plaza
      New York, New York 10007
      Tel. (212) 637-1060//2453

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
UNITED STATES OF AMERICA,             :

                Plaintiff,                   :        12 Civ. 2600 (GBD)

      - v. -                                  :

A 10th CENTURY CAMBODIAN SANDSTONE   :
SCULPTURE, CURRENTLY LOCATED AT
SOTHEBY'S IN NEW YORK, NEW YORK,          :

              Defendant in rem.         :
------------------------------------------------------- x

## GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

      The Government respectfully submits this Memorandum of Law in support of its motion, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to file the Verified Amended Complaint, attached to the accompanying Declaration of Alexander J. Wilson ("Wilson Decl.") as Exhibit A (the "Amended Complaint" or "Am. Compl."). The Amended Complaint adds new factual allegations, based on the Government's continuing investigation and discovery obtained from Claimants, that support the Government's existing claims for forfeiture of the Defendant in rem. In particular, the Amended Complaint adds new factual allegations

regarding the theft of the Defendant in rem from the Prasat Chen temple in 1972, and Sotheby's knowledge that the Defendant in rem was stolen.

## BACKGROUND

This action was commenced on April 4, 2012, with the filing of a Verified Complaint ("the complaint" or "Compl.") seeking the forfeiture of all right, title and interest in a sandstone statue, circa 10th Century A.D., which was illicitly removed from the Prasat Chen temple at the historic and archeological site of Koh Ker, Preah Vihear Province, Cambodia (the "Defendant in rem") pursuant to Title 18, United States Code, Sections 545 and 981(a)(1)(C) and Title 19, United States Code, Sections 1595a(c) (Compl. ¶¶ 1-2, 56-64.)

The complaint alleges that the Defendant in rem was stolen from Prasat Chen, at some point between 1960 and 1975, during a period of political upheaval and civil war which culminated in the country's control by the Khmer Rouge, and was first openly sold on the international art market in 1975 by an auction house based in the United Kingdom. (Id. ¶¶ 15, 16, 20.) The complaint further alleges that Claimant Sotheby's Inc. ("Sotheby's") imported the Defendant in rem into the United States in April 2010 and marketed it for sale in the United States until March 2011, with knowledge that it was stolen or converted. (Id. ¶¶ 16-33, 48-50.)

On April 5, 2012, the Court issued an order restraining Sotheby's from transferring or otherwise disposing of the Defendant in rem. On April 11, 2012, the Court directed the Government and Sotheby's to engage in mutually agreeable informal discovery prior to a June 20, 2012 conference. On April 23, 2012, Claimants Sotheby's and Decia Ruspoli di Poggio Suasa ("Ruspoli") filed claims to the Defendant in rem, and on June 5, 2012, Claimants moved to dismiss the complaint. On June 20, 2012, the Court directed the parties to continue responding to the initial discovery requests already exchanged, but stayed any further discovery pending a ruling on the motion to dismiss. On September 27, 2012, the Court heard oral

2

argument on the motion to dismiss. At the hearing, the Court repeatedly inquired as to the facts the Government expected to be able to prove at trial with respect to the theft of the Defendant in rem from Prasat Chen, and Sotheby's knowledge that the Defendant in rem was stolen.

The Amended Complaint alleges that the Defendant in rem was stolen from Prasat Chen in 1972, with the head removed first and the torso afterwards, and acquired by a well-known collector of Khmer antiquities (the "Collector"), via an organized looting network. (Am. Compl. ¶ 17-18). The Amended Complaint further alleges that the 1975 sale of the Defendant in rem was conducted for the Collector by an auction house which had full knowledge of its illicit origin. (Id. ¶ 19-20)

The Amended Complaint also alleges additional facts regarding Sotheby's knowledge that the Defendant in rem was stolen. Among other things, the Amended Complaint alleges that (1) Sotheby's and Ruspoli were aware that the Collector had been the seller of the Defendant in rem in 1975; (2) that Sotheby's consulted with the Collector prior to the importation of the Defendant in rem and throughout the 2010-2011 sale process; (3) that Sotheby's never included information about the Collector's pre-1975 acquisition of the Defendant in rem, or his role as the seller in 1975, in the provenance information it disclosed to the public, potential buyers, the Kingdom of Cambodia, or United States law enforcement; and (4) Sotheby's provided inaccurate provenance information to potential buyers, the Kingdom of Cambodia, United States law enforcement, and others, specifically that the Defendant in rem had been seen in the United Kingdom in the late 1960s, at least three years prior to its actual removal from Prasat Chen. (Id. ¶¶ 21, 29-30, 37, 43-44.) The Amended Complaint further alleges that when a scientist, retained to test the authenticity of the head of the Defendant in rem theorized that the head was either inauthentic or had been "forcibly broken for ease of transport from the

find site," Sotheby's terminated his engagement rather than allow him to perform further tests. (Id. ¶ 37.) In addition, the Amended Complaint alleges that Sotheby's opted not to have a senior Sotheby's officer be the one to send a communication about Sotheby's proposed sale of the Defendant in rem to a Cambodian official, because Sotheby's "did not want to raise this to important or 'pay attention' levels." (Id. ¶ 38.)

The Amended Complaint also adds additional allegations clarifying that Koh Ker, Prasat Chen and the Defendant in rem were constructed by the Cambodian state itself and were at all times state property. (See Am. Compl. ¶¶ 5-15, 45-46.) The Amended Complaint also clarifies that the Cambodian state has never transferred Koh Ker, Prasat Chen or the Defendant in rem to any private owner, whether by sale, gift or otherwise. (Am. Compl. ¶¶ 7, 15, 46.)[1]

The Amended Complaint does not add any new claims or parties to this action.

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure provides that, after 21 days have passed from the filing of a responsive pleading, a party may amend its pleading with written consent of the opposing party or with the Court's leave. Fed. R. Civ. P. 15(a)(1)(B), (a)(2). The Rule provides that "[t]he court should freely give leave when justice so requires." Id.[2] Unless there has been "undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility," leave to amend should be granted. Monahan v. N.Y. City Dept. Corrections, 214 F.3d 275, 285 (2d Cir. 2000). In particular, "[c]ourts routinely grant leave to amend when a plaintiff seeks to refine the complaint to reflect evidence obtained during discovery." In re Pfizer Inc. Securities Litigation, Nos. 04 Civ. 9866 (LTS), 05 MD 1688 (LTS),

---

[1] There are a number of other new factual allegations included in the Complaint based on information obtained by the Government since the complaint was filed. The three categories of allegations described above, however, constitute the bulk of the new allegations in the Amended Complaint.
[2] Obviously, should Claimants consent to the filing of the Amended Complaint after an opportunity to review the Government's motion, the discussion which follows would be moot.

2012 WL 983548, *2 (S.D.N.Y. March 22, 2012) (citing Bridgeport Music, Inc. v. Universal Music Group, Inc., 248 F.R.D. 408, 417 (S.D.N.Y.2008); Kirk v. Metropolitan Transp. Auth., No. 99 Civ 3787, 2001 WL 258605, *17 (S.D.N.Y. Mar.14, 2001). Furthermore, Supplemental Federal Rule of Civil Procedure G states that in a forfeiture action, "the complaint may not be dismissed on the ground that the government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property," recognizing that the Government will continue its investigation after the filing of a complaint. Supp. Rule G(8)(b)(ii).

Applying the above standards, the Court should grant the Government leave to file the Amended Complaint. The new allegations are overwhelmingly based on discovery obtained from Claimants and the Government's ongoing investigation following the filing of the complaint, and so the failure to include them in the original complaint does not constitute undue delay, dilatory motive or bad faith. Nor will there be any prejudice to Claimants as a result of the filing of the Amended Complaint. The Amended Complaint does not add any new claims, and the new allegations concern the same transactions and course of conduct as the original complaint. The Amended Complaint will therefore not necessitate any additional discovery. Moreover, discovery is not complete, and indeed is currently stayed, and no trial date has been set or summary judgment motions filed. See State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981) (leave to amend appropriately granted where "[a]t the time plaintiffs requested leave to amend, no trial date had been set by the court and no motion for summary judgment had yet been filed by the defendants.")

The existence of the pending motion to dismiss the original complaint does not render leave to amend inappropriate. Indeed, the Honorable P. Kevin Castel recently encouraged the Government to amend its complaint after a motion to dismiss and the Government's

opposition had been filed, and a conference on the motion held by the Court. United States v. One Tyrannosaurus Bataar Skeleton, No. 12 Civ. 4760 (PKC), (S.D.N.Y. September 7, 2012). Claimants will suffer no prejudice, as they will have a full opportunity to move to dismiss the Government's claims, to the extent they believe the Amended Complaint still fails to state claims upon which relief may be granted. Moreover, the amendment of the complaint will allow the Court, in deciding any motion to dismiss that follows, to rely on the significantly more precise facts discovered by the Government since the filing of the complaint, particularly with respect to the date and nature of the theft of the Defendant in rem.[3] Postponing amendment of the complaint until the motion to dismiss is resolved will merely result in additional delay in the progress of the case and needless duplication of the Court's efforts. Accordingly, the motion for leave file Verified Amended Complaint should be granted. A proposed order is attached as Exhibit B to the Wilson Declaration for the Court's consideration.

---

[3] While the Court inquired at the September 28, 2012 oral argument regarding the Government's belief as to the facts it would ultimately be able to demonstrate, any such facts outside of the complaint could not be considered by the Court in resolving the motion to dismiss.

## CONCLUSION

For the reasons set forth above, the Court should enter an order granting the United States leave to file the Verified Amended Complaint.

Dated:     New York, New York
            November 9, 2012

                        Respectfully submitted,

                        PREET BHARARA
                        United States Attorney for the
                        Southern District of New York
                        Attorney for the Plaintiff
                        United States of America

By:                     /s/
                        Alexander J. Wilson
                        Sharon Cohen Levin
                        Assistant United States Attorneys
                        Telephone: (212) 637-1060/2453