UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

UNITED STATES OF AMERICA,                            )
                                                     )
                              Plaintiff,             )
                                                     )
              - v. -                                 )  **12 Civ. 2600 (GBD)**
                                                     )
A 10th CENTURY CAMBODIAN SANDSTONE                   )
SCULPTURE, CURRENTLY LOCATED AT                      )
SOTHEBY'S IN NEW YORK, NEW YORK,                     )
                                                     )
                              Defendant in rem.      )
------------------------------------------------------------------ X

## JOINT ANSWER OF CLAIMANTS SOTHEBY'S, INC. AND MS. DECIA RUSPOLI DI POGGIO SUASA

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, claimants Sotheby's, Inc. ("Sotheby's") and Ms. Decia Ruspoli di Poggio Suasa ("Ruspoli") (collectively, "Claimants"), by and through their attorneys, as and for their Answer in the above-referenced action, respond, upon information and belief, to each numbered paragraph of the Verified Amended Complaint of Plaintiff United States of America as follows:

### I.      NATURE OF THE ACTION

1.      Claimants admit that the photograph attached to the Verified Amended Complaint depicts the Defendant in rem (the "Statue"), and that the Statue is currently in possession of Sotheby's in New York, New York.  The remaining allegations set forth in Paragraph 1 of the Verified Amended Complaint contain introductory statements that describe the nature of the action and conclusions of law to which no response is required.  To the extent a response is required, the remaining allegations are denied.

1

2.      The allegations in Paragraph 2 of the Verified Amended Complaint state conclusions of law and do not require an answer.  To the extent an answer is required, Claimants deny the allegations set forth in Paragraph 2 of the Verified Amended Complaint.

## II.      JURISDICTION AND VENUE

3.      The allegations in Paragraph 3 of the Verified Amended Complaint state conclusions of law and do not require an answer.

4.      Claimants admit that the Statue is in the Southern District of New York. Claimants deny that acts and omissions giving rise to forfeiture occurred in the Southern District of New York.  The remaining allegations in Paragraph 4 set forth conclusions of law and do not require an answer.  To the extent an answer is required, the remaining allegations are denied.

## III.     FACTUAL BACKGROUND

### Ancient History of Koh Ker and the Defendant in Rem

5.      Claimants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Verified Amended Complaint.

6.      Claimants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Verified Amended Complaint.

7.      Claimants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Verified Amended Complaint.

8.      Claimants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Verified Amended Complaint.

### The Statues of Prasat Chen

9.      Claimants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Verified Amended Complaint.

10.    Claimants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Verified Amended Complaint.

11.    Claimants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Verified Amended Complaint, except Claimants admit that the "Report concerning the Statuary of Prasat Chen in Koh Ker" exists and refer the Court to the contents of the report, which speaks for itself.

12.    Claimants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Verified Amended Complaint.

13.    Claimants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Verified Amended Complaint.

14.    Claimants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Verified Amended Complaint.

15.    Claimants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Verified Amended Complaint.

### Theft of the Defendant in rem

16.    Claimants admit that there was political strife and conflict in Cambodia in the 1960s-70s, that the Khmer Rouge controlled Cambodia between 1975 and 1979, and that millions of Cambodian citizens were killed during the period of Khmer Rouge control. Claimants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 16, including the allegations regarding whether Koh Ker suffered serious damage or widespread looting during this time period and whether any such looting of Koh Ker was "widely publicized" or "well known to participants in the international art market."

17.     Claimants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Verified Amended Complaint.

18.     To the extent the allegations in Paragraph 18 of the Verified Amended Complaint state a legal conclusion, no response is necessary.  To the extent Paragraph 18 contains factual assertions, Claimants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the Paragraph.

19.     Claimants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Verified Amended Complaint.

20.     Claimants admit that in 1975, a Belgian businessman and his wife, Claimant Ruspoli, purchased the Statue in good faith and for a fair price.  Claimants also admit that title to the Statue was first held by a corporation the businessman controlled, and later was transferred to a second corporation, and that after the death of the Belgian businessman, the Statue was transferred to the businessman's widow, Ruspoli, in 2000.  Claimants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 20 of the Verified Amended Complaint.

### Proposed Sale of the Defendant in rem

21.     Claimants deny the allegations of Paragraph 21 of the Verified Amended Complaint, except Claimants admit that Ruspoli explored selling the Statue in or about 2008, including discussing that possibility with representatives of Sotheby's, but decided not to sell the Statue at that time and Claimants deny knowledge or information sufficient to form a belief regarding what purported agents for Ruspoli informed potential purchasers in 2008.

22.     Claimants deny the allegations of Paragraph 22 of the Verified Amended Complaint, except Claimants admit that Sotheby's is one of the world's largest auction houses,

4

was founded in London at the start of the 19th century, is based in New York City, has offices around the world, and has an Indian & Southeast Asian Department that has experience selling both ancient and contemporary works from India and Southeast Asia, including Khmer artifacts.

23.     Claimants deny the allegations set forth in Paragraph 23 of the Verified Amended Complaint, except Claimants admit that Sotheby's has a worldwide compliance department and a worldwide legal department (with lawyers based in New York and London), and that these departments' responsibilities include, among other things, implementing policies governing importation and sales of objects.

24.     Claimants deny the allegations of Paragraph 24 of the Verified Amended Complaint, except Claimants admit that Sotheby's discussed selling the Statue with Ruspoli in or about March 2010 and that Sotheby's drafted a sales proposal, and Claimants refer the Court to the proposal, which speaks for itself.

25.     Claimants deny the allegations of Paragraph 25 of the Verified Amended Complaint, except Claimants admit that in or about late March 2010, Ruspoli entered into a consignment agreement with Sotheby's, and Claimants refer the Court to the consignment agreement, which speaks for itself.

26.     Claimants deny the allegations of Paragraph 26 of the Verified Amended Complaint, except Claimants admit that Sotheby's arranged importation of the Statue from Belgium to the United States and that prior to doing so, Sotheby's obtained documented provenance (in the form of a 1975 invoice from an auction house that speaks for itself and to whose contents Claimants refer the Court) establishing that the Statue had been sold in London in 1975, a time when Cambodia had enacted no clear and unambiguous laws declaring itself the owner of all antiquities in Cambodia.

27.    To the extent Paragraph 27 describes documents, the documents speak for themselves and no response is necessary. Claimants admit the remaining allegations set forth in Paragraph 27 of the Verified Amended Complaint.

28.    To the extent Paragraph 28 describes documents, the documents speak for themselves and no response is necessary. Claimants admit the remaining allegations set forth in Paragraph 28 of the Verified Amended Complaint.

29.    Claimants deny the allegations of Paragraph 29 of the Verified Amended Complaint, except Claimants admit there is an internal Sotheby's May 19, 2010 email that speaks for itself, and refer the Court to its contents.

30.    Claimants deny the allegations set forth in Paragraph 30 of the Verified Amended Complaint, except Claimants admit that Sotheby's retained a freelance art historian to write a catalogue entry about the Statue and give a lecture about it.

31.    Claimants deny the allegations of Paragraph 31 of the Verified Amended Complaint, except Claimants admit that the art historian sent an email to a Sotheby's employee on or about June 1, 2010, which the art historian subsequently retracted, and refer the Court to the email, which speaks for itself.

32.    Claimants deny the allegations of Paragraph 32 of the Verified Amended Complaint, which excerpts only a portion of a longer correspondence between the art historian and a Sotheby's employee, except Claimants admit that there was an email exchange on the dates indicated and refer the Court to the exchange, which speaks for itself.

33.    Claimants deny the allegations of Paragraph 33 of the Verified Amended Complaint, which excerpts only a portion of a longer correspondence between the art historian

and a Sotheby's employee, except Claimants admit that there was an email exchange on the dates

indicated and refer the Court to the exchange, which speaks for itself.

34.     Claimants deny the allegations of Paragraph 34 of the Verified Amended

Complaint, which excerpts only a portion of a longer correspondence between the art historian

and a Sotheby's employee, except Claimants admit that Sotheby's elected to move the Statue to

the March 2011 auction and that there was an email exchange on the date indicated, and refer the

Court to the content of the exchange, which speaks for itself.

35.     Claimants deny the allegations of Paragraph 35 of the Verified Amended

Complaint, which excerpts only a portion of a longer correspondence between the art historian

and a Sotheby's employee, except Claimants admit that there was an email exchange on the date

indicated in which the art historian stated that the "piece was obtained legally, so can be legaly

[sic] sold," and refer the Court to the content of the exchange, which speaks for itself.

36.     Claimants deny the allegations of Paragraph 36 of the Verified Amended

Complaint, except Claimants admit a Sotheby's employee sent himself/herself an email on the

date indicated regarding a telephone conversation with the art historian, and refer the Court to the

email, which speaks for itself.

37.     Claimants deny the allegations of Paragraph 37 of the Verified Amended

Complaint, except Claimants admit that a scientist was hired to prepare a report on the Statue's

condition and authenticity, that Sotheby's later retained a different scientist to perform the same

work after discussing the issue with several people, and that there was an email sent on the date

indicated and refer the Court to the email, which speaks for itself.

38.     Claimants deny the allegations of Paragraph 38 of the Verified Amended

Complaint, which excerpts only a portion of a longer email correspondence, except Claimants

admit there was an email exchange on the date indicated, and refer the Court to the content of the exchange, which speaks for itself.

39.     Claimants admit that on or about November 8, 2010, Sotheby's provided Cambodia with formal written notice of its intent to offer the Statue for sale at auction, and refer to the Court to the content of that notice (partially excerpted in Paragraph 39 of the Verified Amended Complaint), which speaks for itself.

40.     Claimants deny the allegations of Paragraph 40 of the Verified Amended Complaint, except Claimants admit that Sotheby's did not receive a reply to its November 8, 2010 notice, that Sotheby's proceeded with the plan to sell the Statue at the March 2011 auction, and that there was an email exchange on January 20, 2011 (partially excerpted in Paragraph 40 of the Verified Amended Complaint) and refer the Court to the exchange, which speaks for itself.

41.     Claimants admit that the Statue was featured on the cover and in the catalogue for the March 2011 auction and used in related marketing materials, and, as to the content of the catalogue partially excerpted in Paragraph 41 of the Verified Amended Complaint, refer the Court to the catalogue, which speaks for itself.

42.     Claimants deny the allegations of Paragraph 42 of the Verified Amended Complaint, except Claimants admit that Sotheby's received the letter excerpted in Paragraph 42 on or about March 24, 2011 and refer the Court to the letter, which speaks for itself, and admit that Claimants withdrew the Statue from the auction and that Sotheby's has retained possession of the Statue.

43.     Claimants deny the allegations set forth in Paragraph 43 of the Verified Amended Complaint, except Claimants admit that some prospective purchasers of antiquities have chosen not to purchase antiquities whose provenance cannot be traced to earlier than 1970.

44.     Claimants deny the allegations set forth in Paragraph 44 of the Verified Amended Complaint.

## IV.     CAMBODIA'S OWNERSHIP OF THE DEFENDANT IN REM

45.     To the extent that Paragraph 45 of the Verified Amended Complaint contains factual allegations, Claimants deny knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent Paragraph 45 of the Verified Amended Complaint states conclusions of law, no answer is required.

46.     The allegations set forth in Paragraph 46 of the Verified Amended Complaint state conclusions of law and do not require an answer.

47.     The allegations set forth in Paragraph 47 of the Verified Amended Complaint state conclusions of law and do not require an answer.

48.     The allegations set forth in Paragraph 48 of the Verified Amended Complaint state conclusions of law and do not require an answer.

49.     The allegations set forth in Paragraph 49 of the Verified Amended Complaint state conclusions of law and do not require an answer.

50.     The allegations set forth in Paragraph 50 of the Verified Amended Complaint state conclusions of law and do not require an answer.

51.     To the extent Paragraph 51 of the Verified Amended Complaint contains factual allegations, Claimants deny knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent Paragraph 51 of the Verified Amended Complaint states conclusions of law, no answer is required.

52.     To the extent Paragraph 52 of the Verified Amended Complaint contains factual allegations, Claimants deny knowledge or information sufficient to form a belief as to the truth

of the allegations.  To the extent Paragraph 52 of the Verified Amended Complaint states conclusions of law, no answer is required.

53.     Claimants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Verified Amended Complaint, except Claimants admit that there is a 1970 UNESCO Convention on the Means of Prohibiting and Preventing the Illicit Import, Export, and Transfer of Ownership of Cultural Property ("UNESCO convention"), and refer the Court to its contents.

54.     Claimants admit that, according to the UNESCO website, Cambodia deposited its instrument of ratification of the UNESCO Convention on September 26, 1972.  To the extent Paragraph 54 of the Verified Amended Complaint contains factual allegations, Claimants deny knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent Paragraph 54 of the Verified Amended Complaint states conclusions of law, no answer is required.

55.     To the extent Paragraph 55 of the Verified Amended Complaint contains factual allegations, Claimants deny knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent Paragraph 55 of the Verified Amended Complaint states conclusions of law, no answer is required.

56.     Claimants deny the allegations set forth in Paragraph 56 of the Verified Amended Complaint, except Claimants admit that Cambodia has in recent years sought the return of some antiquities on moral grounds and/or because the antiquities were removed from government storerooms or were removed from Cambodia after the enactment of legislation in the early 1990s.  However, to Claimants' knowledge, Cambodia has not prior to this case sought the return of objects similar to the Statue, has specifically affirmed in writing that an object Cambodia

believed to be the Statue's twin "belongs to" the Los Angeles museum in which it is prominently displayed, and has never before relied upon the legal theory or the French colonial decrees discussed in the Verified Amended Complaint.

## V.     CLAIMS FOR FORFEITURE

57.     Claimants restate and incorporate by reference their answers to Paragraphs 1 through 56 as if fully set forth herein.

58.     The allegations in Paragraph 58 of the Verified Amended Complaint state conclusions of law and do not require an answer.

59.     The allegations in Paragraph 59 of the Verified Amended Complaint state conclusions of law and do not require an answer.

60.     The allegations in Paragraph 60 of the Verified Amended Complaint state conclusions of law and do not require an answer.

61.     The allegations in Paragraph 61 of the Verified Amended Complaint state conclusions of law and do not require an answer.

62.     The allegations in Paragraph 62 of the Verified Amended Complaint state conclusions of law and do not require an answer.

63.     The allegations in Paragraph 63 of the Verified Amended Complaint state conclusions of law and do not require an answer.  To the extent an answer is required, Claimants deny the allegations set forth in Paragraph 63 of the Verified Amended Complaint.

64.     The allegations in Paragraph 64 of the Verified Amended Complaint state conclusions of law and do not require an answer.  To the extent an answer is required, Claimants deny the allegations set forth in Paragraph 64 of the Verified Amended Complaint.

65.     The allegations in Paragraph 65 of the Verified Amended Complaint state conclusions of law and do not require an answer.  To the extent an answer is required, Claimants deny the allegations set forth in Paragraph 65 of the Verified Amended Complaint.

## AFFIRMATIVE DEFENSES APPLICABLE TO BOTH CLAIMANTS

### FIRST AFFIRMATIVE DEFENSE

The Verified Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the innocent owner defense.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the French Colonial decrees on which the Verified Amended Complaint relies do not make Cambodia the owner of the Statue or render its removal from Cambodia theft.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Cambodia has not enforced the French Colonial decrees on which the  Verified Amended Complaint relies as transferring ownership to Cambodia.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the French Colonial decrees on which the Verified Amended Complaint relies are not drafted with sufficient clarity to survive translation into terms understandable by and binding upon American citizens.

## EIGHT AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the Due Process Clause of the Fifth Amendment.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the French Colonial decrees on which the Verified Amended Complaint relies were not broadly disseminated and did not provide Claimants with fair notice of Cambodia's ownership claim.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of desuetude.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of adverse possession and/or prescription.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Claimant Ruspoli has good title to the Statue as a result of the 1975 good faith purchase and Cambodia's failure to make a claim for more than thirty years after that good faith purchase.

## THIRTEENTH AFFIRMATIVE DEFENSE

Claimants intend to rely upon such other and further defenses as may become apparent during the pendency of this action, and reserve the right to amend this Joint Answer to assert such defenses.

## GENERAL DENIAL

All allegations of the Verified Amended Complaint not previously addressed in this Joint Answer are hereby generally denied.

WHEREFORE, Claimants request that this Court:

1.     Dismiss the Verified Amended Complaint with prejudice in its entirety or enter judgment in Claimants' favor;

2.     Deny all relief requested by Plaintiff;

3.     Award Claimants their reasonable attorneys' fees, costs, and expenses incurred in litigating this action; and

4.     Grant Claimants such further relief as is just, warranted, and proper under the circumstances.

Dated: New York, New York
       May 6, 2013

                                   Respectfully submitted,

                                   _____
                                   Peter G. Neiman
                                   Janet R. Carter
                                   Pamela Bookman
                                   Joseph J. Yu
                                   Pablo Kapusta
                                   WILMER CUTLER PICKERING HALE AND
                                       DORR LLP
                                   7 World Trade Center
                                   250 Greenwich Street
                                   New York, NY  10007
                                   Telephone: (212) 230-8800
                                   Facsimile: (212) 230-8888

                                   *Counsel for Claimants Sotheby's, Inc. and Ms.*
                                   *Ruspoli di Poggio Suasa*

## CERTIFICATE OF SERVICE

I, Peter G. Neiman, one of the attorneys for claimants Sotheby's, Inc. and Ms. Ruspoli di Poggio Suasa, hereby certify that on May 6, 2013, I caused the Joint Answer Of Claimants Sotheby's, Inc. And Ms. Decia Ruspoli Di Poggio Suasa to be served on plaintiff's counsel through Electronic Case Filing, pursuant to Civil Rule 5.2 of the Local Rules of the United States District Court for the Southern District of New York.

_____
Peter G. Neiman
WILMER CUTLER PICKERING HALE AND
    DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY  10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888